**UNITED STATES OF AMERICA**

-vs-                                                    Case No. 6:99-cr-131-Orl-19DAB

**CARLOS RAMON MENDEZ and RICHARD JOSE CAMMARANO,**

        **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Motion to Sentence Carlos Ramon Mendez in Absentia by the United States of America (Doc. No. 72, filed Jan. 4, 2010);

2. Motion to Sentence Richard Jose Cammarano in Absentia and for the Appointment of Counsel by the United States of America (Doc. No. 73, filed Jan. 4, 2010); and

3. Response in Opposition to Government's Motion to Sentence the Defendant in Absentia by Carlos Ramon Mendez (Doc. No. 74, filed Jan. 5, 2010).

## Background

On June 18, 1999, a criminal information was filed charging Defendants Carlos Ramon Mendez and Richard Jose Cammarano with one count of credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2. (Doc. No. 28.) On July 8, 1999, Defendants each pled guilty to the Information pursuant to written plea agreements. (Doc. Nos. 32, 33, 39.) The Court accepted the Defendants' pleas and adjudicated them guilty. (Doc. No. 46, filed July 14, 1999; Doc. No. 47, filed July 15, 1999.) On July 15, 1999, notices were filed setting the Defendants' sentencing hearings for

October 25, 1999, and stating that Defendants must be present. (Doc. No. 48, filed July 15, 1999; Doc. No. 49, filed July 15, 1999.)

On August 13, 1999, Pretrial Services notified the Court that Defendants had violated the conditions of their release by failing to report telephonically to Pretrial Services on August 2, 4, and 6, 1999. (Doc. Nos. 54, 55.) Defendants failed to appear for their respective sentencing hearings on October 25, 1999. (Doc. Nos. 58, 59.) The Defendants' appearance bonds were forfeited to the Government on October 27, 1999. On July 15, 2008, the Court directed the Government to file a status report as to each Defendant. (Doc. Nos. 67, 68.) On July 25, 2008, the Government filed Status Reports stating that the United States Secret Service and the United States Attorney's Office have been monitoring this case but have been unable to locate Defendants. (Doc. No. 69 at 2; Doc. No. 70 at 2.)

On January 4, 2010, the Government moved to sentence Defendants in absentia. (Doc. Nos. 72, 73.) The Government maintains that Defendants have remained fugitives since absconding prior to their sentencing hearings scheduled in 1999 and that sentencing Defendants in absentia will permit both the Court and the Government to resolve this case. (Doc. No. 72 ¶¶ 6-7; Doc. No. 73 ¶¶ 6, 8.)[1] Defendant Mendez filed a response in opposition to sentencing in absentia. (Doc. No. 74.)

---

[1] In addition, the Government moved to appoint new counsel for Defendant Cammarano because his counsel was suspended from practicing law for one year by the Florida Supreme Court effective January 2, 2010. (Doc. No. 73 ¶ 7.) On January 11, 2010, Ian Bruce Hinshelwood, Esq. entered an appearance for Defendant Cammarano in this case. (Doc. No. 75.)

**Standard of Review**

**I.      Sentencing in Absentia**

Federal Rule of Criminal Procedure 43(c) addresses how a defendant may waive his right to be present at his sentencing hearing:

>   (1)     A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>
>   (A)     when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>
>   (B)     in a noncapital case, when the defendant is voluntarily absent during sentencing . . . .

Authority interpreting Rule 43 makes clear that a defendant may be sentenced in absentia in the event the defendant, after making an appearance during plea proceedings, voluntarily absents himself from sentencing. *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001); *United States v. Jordan*, 216 F.3d 1248, 1249 (11th Cir. 2000). Before sentencing a defendant in absentia, it must be clearly established that the defendant is voluntarily absent, in other words, that there is "no sound reason" for his absence. *See Taylor v. United States*, 414 U.S. 17, 19 n.3 ("If a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. . . . He must have no sound reason for remaining away.") (quoting *Cureton v. United States*, 396 F.2d 671, 676 (D.C. Cir. 1968)).[2]  If the court determines that the defendant

---

[2] This Court finds no case stating the standard of proof for determining whether a defendant is voluntarily absent from sentencing. However, it is well-settled that the voluntariness of a defendant's absence from trial must be clearly established. *See, e.g.*, *Clark v. Scott*, 70 F.3d 386, 389 n.4 (5th Cir. 1995) (quoting *Taylor*, 414 U.S. at 19 n.3); *United States v. Latham*, 874 F.2d 852, 857 (1st Cir. 1989) (quoting same).  In light of the principle of statutory construction that the term
(continued...)

is voluntarily absent, the court exercises its sound discretion in deciding whether to sentence the defendant in absentia. *United States v. Bradford*, 237 F.3d 1306, 1312-14 (11th Cir. 2001).

## Analysis

The parties dispute whether the Government has sufficiently proved that Defendants' absences are voluntary. A voluntary absence may be expressly made by a "knowing and intelligent" waiver, or it may be implied by the defendant's actions and the circumstances of the case. *Lawrence*, 248 F.3d at 304-05; *Jordan*, 216 F.3d at 1249-50. Although there is little Eleventh Circuit caselaw discussing what constitutes sufficient evidence of a voluntary absence from sentencing,[3] cases from courts outside the Eleventh Circuit are instructive. *See, e.g.*, *United States v. Achbani*, 507 F.3d 598 (7th Cir. 2007) (finding no clear error in the district court's determination that the defendant was voluntarily absent from sentencing where the Government conducted an investigation into the alternative possibilities for defendant's absence that counsel identified, including the defendant's immigration status); *id.* at 602 (noting that a defendant who has been taken into custody or hospitalized is not voluntarily absent); *United States v. Watkins*, 86 F. App'x 934,

---

(...continued)
"voluntary" has the same meaning in Rule 43(c)(1)(A) as it does in Rule 43(c)(1)(B), *see infra* note 5, it is appropriate to require the voluntariness of Defendants' absence to be clearly established. *Cf. United States v. Bradford*, 237 F.3d 1306, 1311 (11th Cir. 2001) (reviewing the district court's factual findings as to whether the defendant's absence from trial was voluntary for clear error); *Jordan*, 216 F.3d at 1250 (11th Cir. 2000) (reviewing the district court's "implicit factual findings" as to whether the defendant was voluntarily absent from sentencing for clear error).

[3] The Government argues that the lone Eleventh Circuit case on the issue, *United States v. Jordan*, 216 F.3d 1248 (11th Cir. 2000), is indistinguishable from the instant case and thus compels to this Court to sentence Defendants in absentia. (Doc. No. 72 at 3; Doc. No. 73 at 3-4.) The defendant in *Jordan* was voluntarily absent and lawfully sentenced in absentia because he pled guilty and then escaped from detention prior to sentencing. *Jordan*, 216 F.3d at 1248-50. Absent any evidence that Defendants, like the defendant in *Jordan*, escaped from custody while awaiting sentencing, the Court cannot conclude that *Jordan* is indistinguishable from the instant case. *Jordan*, 216 F.3d at 1248-49.

936-37 (6th Cir. 2004) (noting that transportation problems alone are not sufficient evidence of a voluntary absence, but transportation problems plus the defendant's previous failure to regularly report to pretrial services as required under the terms of his release constituted sufficient evidence of a voluntary absence); *United States v. Sanchez*, 790 F.2d 245, 250 (2d Cir. 1986) (holding that the acknowledgment by defendant's trial counsel that there is no evidence of the defendant's whereabouts adequately supported the district court's conclusion that the defendant "willfully absented himself without a reason");[4] *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 591 n.3 (E.D. Va. 2004) (finding sufficient evidence of defendant's voluntary absence where defendant failed to appear at his scheduled sentencing hearing and left several notes for his wife stating his intent to flee the country).

Counsel for Defendant Mendez argues that this Court should adopt the procedures set forth in *United States v. Achbani*, 507 F.3d 598 (7th Cir. 2007), and find that there is not sufficient evidence that Defendants are voluntarily absent. (Doc. No. 74 at 4-5.) In *Achbani*, the Seventh Circuit determined whether the defendant was voluntarily absent from sentencing pursuant to Fed. R. Crim. P. 43(c)(1)(B) by adopting the procedures used by courts to determine whether a defendant is voluntarily absent from trial pursuant to Fed. R. Crim. P. 43(c)(1)(A).[5] *Achbani*, 507 F.3d at 601.

---

[4] Counsel for Defendant Mendez acknowledges that he can offer no alternative theories for Mendez's original disappearance other than voluntary absence. (Doc. No. 74 at 4.)

[5] The panel in *Achbani* offered two reasons for doing so. First, under general principles of statutory interpretation, it is assumed that the term "voluntarily absent" has the same meaning throughout Rule 43(c)(1). *Achbani*, 507 F.3d at 601. Second, the 1995 amendment to Rule 43 sought to eradicate the disparity in the courts' treatment of defendants' absences from trial and from sentencing. *Id.*; *see also* Fed. R. Crim. P. 43, 1995 Advisory Committee Notes ("[T]he amendments make clear that a defendant who, initially presented at trial or who has entered a plea of guilty or nolo contendere, but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia.").

The panel in *Achbani* noted that where a defendant is absent from trial, "the district court should indulge every reasonable inference against a finding of voluntary absence [and] must explore on the record any serious questions raised about whether the defendant's absence was knowing and voluntary." *Id.* at 601-02. However, a "district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary." *Id.* at 602 (emphasis in original).

As of the date of this Order, the procedure set forth in *Achbani* has not been adopted by the United States Supreme Court or the Eleventh Circuit Court of Appeals. In any case, this Court need not reach the issue of whether to follow the procedures set forth in *Achbani* unless a plausible doubt is raised that Defendants' absences are voluntary.

Sentencing a defendant in absentia is not without adverse consequences to the defendant. The voluntarily absent defendant loses the opportunity to, *inter alia*, address the court before sentence is pronounced, confer with counsel during the sentencing proceeding, and review his presentence report. *See, e.g.*, *Jordan*, 216 F.3d at 1250 (noting that a defendant who is voluntarily absent from sentencing waives the ten-day period in which to review the PSI). However, binding Eleventh Circuit precedent makes clear that these opportunities must yield when outweighed by undue burdens on the Government and the courts. *See id.* at 1251 (noting that Rule 43 serves to prevent delays from imposing undue burdens on the Government and disrupting the judicial process); *Achbani*, 507 F.3d at 602-03 (citing with approval this proposition in *Jordan*).

In light of the factual nature of the question presented and the potential consequences to the parties, it is appropriate to conduct an evidentiary hearing on the issue of whether Defendants are voluntarily absent and should be sentenced in absentia.

**Conclusion**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motions to Sentence Carlos Ramon Mendez and Richard Jose Cammarano in Absentia by the United States of America (Doc. Nos. 72, 73) are **DEFERRED** pending an evidentiary hearing on the issue of whether Defendants are voluntarily absent and should be sentenced in absentia. The date and time of the evidentiary hearing shall be set by separate notice. In the event the Court determines that a Defendant or Defendants is or are voluntarily absent and should be sentenced in absentia, the sentencing hearing will be conducted at the conclusion of the evidentiary hearing.

Dated this day of January 15, 2010 in Orlando, Florida.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record