# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:99-cr-131-Orl-19DAB

**CARLOS RAMON MENDEZ and RICHARD JOSE CAMMARANO,**

        **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Motion to Sentence Carlos Ramon Mendez in Absentia by the United States of America (Doc. No. 72, filed Jan. 4, 2010);

2. Motion to Sentence Richard Jose Cammarano in Absentia and for the Appointment of Counsel by the United States of America (Doc. No. 73, filed Jan. 4, 2010); and

3. Response in Opposition to the Government's Motion to Sentence the Defendant in Absentia by Carlos Ramon Mendez (Doc. No. 74, filed Jan. 5, 2010).

## Background

On June 18, 1999, a criminal information was filed charging Defendants Carlos Ramon Mendez and Richard Jose Cammarano with one count of credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2. (Doc. No. 28.) On July 8, 1999, Defendants each pled guilty to the Information pursuant to written plea agreements. (Doc. Nos. 32, 33, 39.) The Court accepted the Defendants' pleas and adjudicated them guilty. (Doc. No. 46, filed July 14, 1999; Doc. No. 47, filed July 15, 1999.) On July 15, 1999, notices were filed setting the Defendants' sentencing hearings for

October 25, 1999, and stating that Defendants must be present. (Doc. No. 48, filed July 15, 1999; Doc. No. 49, filed July 15, 1999.)

On August 13, 1999, Pretrial Services notified the Court that Defendants had violated the conditions of their release by failing to report telephonically to Pretrial Services on August 2, 4, and 6, 1999. (Doc. Nos. 54-55.) Defendants failed to appear for their respective sentencing hearings on October 25, 1999. (Doc. Nos. 58-59.) The Defendants' appearance bonds were forfeited to the Government on October 27, 1999. On July 15, 2008, the Court directed the Government to file a status report as to each Defendant. (Doc. Nos. 67-68.) On July 25, 2008, the Government filed Status Reports stating that the United States Secret Service and the United States Attorney's Office have been monitoring this case but have been unable to locate Defendants. (Doc. No. 69 at 2; Doc. No. 70 at 2.)

On January 4, 2010, the Government moved to sentence Defendants in absentia. (Doc. Nos. 72-73.) The Government maintains that Defendants have remained fugitives since absconding prior to their sentencing hearings scheduled in 1999 and that sentencing Defendants in absentia will permit both the Court and the Government to resolve this case. (Doc. No. 72 ¶¶ 6-7; Doc. No. 73 ¶¶ 6, 8.)[1] Defendant Mendez filed a response in opposition to sentencing in absentia. (Doc. No. 74.)

On January 15, 2010, the Court entered an Order to set an evidentiary hearing on the Motions to Sentence the Defendants in Absentia. (Doc. No. 76 at 7.) The Order also provided notice that in the event the Court determines that a Defendant or Defendants is or are voluntarily absent and

---

[1] In addition, the Government moved to appoint new counsel for Defendant Cammarano because his counsel was suspended from practicing law for one year by the Florida Supreme Court effective January 2, 2010. (Doc. No. 73 ¶ 7.) On January 11, 2010, Ian Bruce Hinshelwood, Esq. entered an appearance for Defendant Cammarano in this case. (Doc. No. 75.)

should be sentenced in absentia, the sentencing hearing would be conducted at the conclusion of the evidentiary hearing. (*Id.*) The evidentiary hearing was set for February 24, 2010. (Doc. No. 77, filed Jan. 20, 2010.)

**Standard of Review**

Federal Rule of Criminal Procedure 43(c) addresses how a defendant may waive his right to be present at his sentencing hearing:

> (1) A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>
> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>
> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing . . . .

Authority interpreting Rule 43 makes clear that a defendant may be sentenced in absentia in the event the defendant, after making an appearance during plea proceedings, voluntarily absents himself from sentencing. *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001); *United States v. Jordan*, 216 F.3d 1248, 1249 (11th Cir. 2000). Before sentencing a defendant in absentia, it must be clearly established that the defendant is voluntarily absent, in other words, that there is "no sound reason" for his absence. *See Taylor v. United States*, 414 U.S. 17, 19 n.3 (1973) ("If a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. . . . He must have no sound reason for remaining away.") (quoting *Cureton v. United States*, 396 F.2d 671, 676 (D.C. Cir. 1968)).[2]

---

[2] This Court finds no case stating the standard of proof for determining whether a defendant
(continued...)

A voluntary absence may be expressly made by a "knowing and intelligent" waiver, or it may be implied by a defendant's actions and the circumstances of the case. *Lawrence*, 248 F.3d at 304-05; *Jordan*, 216 F.3d at 1249-50. The Seventh Circuit Court of Appeals advises that a "district court should indulge every reasonable inference against a finding of voluntary absence [and] must explore on the record any serious questions raised about whether the defendant's absence was knowing and voluntary," and that a "district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary." *United States v. Achbani*, 507 F.3d 598, 601-02 (7th Cir. 2007) (emphasis in original). If the court determines that the defendant is voluntarily absent, the court retains discretion to sentence the defendant in absentia. *United States v. Bradford*, 237 F.3d 1306, 1314 (11th Cir. 2001).

**Analysis**

Both Defendants were absent from the evidentiary hearing on February 24, 2010. The Government maintained that it searched its databases and found no indication that either Defendant was currently incarcerated or residing in the United States. The Government also asserted that its search of immigration databases revealed that Defendant Cammarano crossed the Mexican border

---

(...continued)
is voluntarily absent from sentencing. However, it is well-settled that the voluntariness of a defendant's absence from trial must be clearly established. *See, e.g.*, *Clark v. Scott*, 70 F.3d 386, 389 n.4 (5th Cir. 1995) (quoting *Taylor*, 414 U.S. at 19 n.3); *United States v. Latham*, 874 F.2d 852, 857 (1st Cir. 1989) (quoting same). In light of the principle of statutory construction that the term "voluntary" has the same meaning in Rule 43(c)(1)(A) as it does in Rule 43(c)(1)(B), *see infra* note 5, it is appropriate to require the voluntariness of Defendants' absence to be clearly established. *Cf. United States v. Bradford*, 237 F.3d 1306, 1311 (11th Cir. 2001) (reviewing the district court's factual findings as to whether the defendant's absence from trial was voluntary for clear error); *Jordan*, 216 F.3d at 1250 (11th Cir. 2000) (reviewing the district court's "implicit factual findings" as to whether the defendant was voluntarily absent from sentencing for clear error).

in 2006 and had not re-entered the United States at any time. Counsel for Defendants did not dispute the Government's database searches.

Defendant Mendez's counsel stated that shortly after his client's disappearance in 1999, a person claiming to be Defendant Mendez telephoned him and authorized him to inform the Government "that the Government's financial resources should not be wasted on a 'missing person' search for [Defendant] Mendez motivated by a concern that he might have been the victim of foul play." (Doc. No. 74 at 1.) Counsel for Defendant Mendez advised the Court at the evidentiary hearing that his client had been cooperating with the Government, and therefore Mr. Mendez' request for his counsel to convey to the Government the information that he was not a "missing person" for whom a search should be initiated was occasioned by this relationship with the Government prior to leaving the jurisdicition. On December 28, 2009, after being given advance notice of the Government's intent to sentence Defendants in absentia, counsel for Defendant Mendez mailed a letter to Defendant Mendez to a relative's last known address in Caracas, Venezuela, requesting that Defendant Mendez contact counsel to discuss the pending sentencing. (*Id.* at 2.) As of the date of the evidentiary hearing, counsel for Defendant Mendez had not received a response. (*Id.*)

In light of this evidence and the reasonable inferences drawn therefrom, the Government has clearly established that both Defendants are voluntarily absent. *Taylor*, 414 U.S. at 19 n.3. Neither Defendant has produced any evidence raising a plausible doubt as to the voluntariness of their absences, and thus the Court is within its discretion to conduct sentencing hearings for both Defendants and to sentence Defendants in absentia at this time. *Achbani*, 507 F.3d at 601-02.

**Conclusion**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motions to Sentence Carlos Ramon Mendez and Richard Jose Cammarano in Absentia by the United States of America (Doc. Nos. 72-73) are **GRANTED**.

Dated this day of February 26, 2010 in Orlando, Florida.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record